FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ AUG 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

NABAR MONEEK CRIAM,

          Defendant.
------------------------------------------------------------X

**DECISION AND ORDER**
17-CR-714 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 30, 2007, the Honorable William L. Osteen of the Middle District of North Carolina sentenced Nabar Moneek Criam ("Defendant") to 180 months of incarceration for possession with intent to distribute a substance containing cocaine base and possession of firearms in connection with that offense. After his sentence was commuted, Defendant commenced a five-year term of supervised release on July 29, 2016. On July 16, 2019, Defendant filed a motion to terminate the remainder of his term of supervised release. *See* ECF No. 11. For the reasons discussed below, Defendants' motion to terminate his term of supervised release is hereby DENIED.

## BACKGROUND

On February 28, 2006, a grand jury sitting in the Middle District of North Carolina returned an Indictment charging Defendant with: (1) two counts of possession with intent to distribute a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) one count of possession with intent to distribute a substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) one count of possession of firearms in furtherance of the aforementioned drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Indictment, ECF No. 4-2. Defendant pled guilty to Counts Two and Four of the Indictment, and on March 30, 2007, the Honorable William L. Osteen of the Middle District of North Carolina sentenced Defendant to 120 months of incarceration as to Count Two and 60 months of incarceration as to Count Four, to run consecutively. *See* Judgment at 1-2, ECF No. 4-3. Judge Osteen further sentenced Defendant to five years of supervised release as to each count, to run concurrently. *Id.* at 3.

1

Among the conditions of Defendant's supervised release is that he "shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." *Id.*

Defendant's sentence was commuted and expired on July 28, 2016. *See United States v. Criam*, 06-CR-76-1 (LCB) (M.D.N.C.), Mar. 31, 2016 Minute Entry. Defendant's term of supervised release therefore commenced on July 29, 2016 and is set to expire on July 29, 2021. This Court accepted a transfer of jurisdiction as to Defendant's supervised release on December 30, 2017. *See* ECF No. 2.

On February 27, 2018, the U.S. Probation Department ("Probation") advised the Court Defendant tested positive for marijuana and alcohol. *See* Feb. 26, 2018 Report on Offender Under Supervision, ECF No. 5. This Court ordered no action. *See* ECF No. 6. On April 25, 2019, Probation reported Defendant provided another urine sample that tested positive for the presence of marijuana. *See* Apr. 18, 2019 Report on Offender Under Supervision, ECF No. 7. Again, this Court ordered no action. *See* ECF No. 8. On July 9, 2019, Probation advised the Court a third time that Defendant tested positive for marijuana. *See* July 9, 2019 Report on Offender on Offender Under Supervision, ECF No. 9. Probation further advised Defendant admitted his marijuana use to his assigned probation officer. *Id.* at 2. Probation thereafter re-referred Defendant to outpatient substance abuse treatment. *Id.* Once more, this Court ordered no action. *See* ECF No. 10.

On July 16, 2019, Defendant filed a motion to terminate his term of supervised release (dated July 13, 2019) pursuant to 18 U.S.C. § 3583(e)(1) and Rule 32.1(c)(2)(C) of the Federal Rules of Criminal Procedure. *See* ECF No. 11 ("Def. Mem."). The Government filed a response

in opposition to Defendant's motion on August 22, 2019. *See* ECF No. 13 ("Gov't Mem."). According to the Government, Probation also opposes Defendant's application. *See id.* at 2.

## APPLICABLE LAW

18 U.S.C. § 3583(e)(1) authorizes a district court to "terminate a term of supervised release and discharge [a] defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court must consider the following eight factors in making such a determination:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, *id.* § 3553(a)(1);
>
> (2) the need to deter criminal conduct, *id.* § 3553(a)(2)(B);
>
> (3) the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C);
>
> (4) the need to provide the defendant with correctional treatment, *id.* § 3553(a)(2)(D);
>
> (5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements, *id.* § 3553(a)(4);
>
> (6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, *id.* § 3553(a)(5);
>
> (7) the need to avoid unwarranted sentence disparities among similar defendants, *id.* § 3553(a)(6); and
>
> (8) the need to provide restitution, *id.* § 3553(a)(7).

*Id.* § 3583(e)(1); *see also United States v. Katz*, 02 Cr. 1586, 02 Cr. 1589, 2008 WL 4699832, at *1-2 (S.D.N.Y. Oct. 23, 2008) (Keenan, J.).

Early termination of supervised release—like early termination of probation—"is not warranted as a matter of course." *See United States v. Rusin*, 105 F. Supp. 3d 291, 292

(S.D.N.Y. 2015) (Marrero, J.) (internal quotation marks and citation omitted). Rather, "early termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior." *Karacsonyi v. United States*, 152 F. 3d 918, 1998 WL 401273, at *1 (2d Cir. June 10, 1998) (summary order) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). The courts in the Second Circuit have routinely held mere compliance with the terms of supervised release do not qualify one for early termination. *See, e.g., United States v. Maguire*, 04 Cr. 269, 2008 WL 5429838, at *1 (S.D.N.Y. Dec. 22, 2008) (Marrero, J.) ("General compliance with the original terms and conditions of supervised [release] does not suffice to justify early termination."); *Katz*, 2008 WL 4699832, at *2 ("[C]ompliance with all court-imposed sanctions to date does not qualify as 'exceptionally good behavior.'"). Indeed, compliance is to be expected, for if such behavior standing alone were sufficient to terminate a term of supervised release, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (Sweet, J.).[1]

## DISCUSSION

Defendant provides a number of reasons why this Court should terminate his term of supervised release consistent with the pertinent § 3553(a) factors. First, Defendant notes he has

---

[1] Defendant argues "the Commission changed . . . the [Guidelines] Manual in 2011 to specifically encourage courts to consider early termination of release in 'appropriate cases.'" Def. Mem. at 4. Defendant continues, "[i]t is noteworthy that this policy shift in the Guidelines Manual nullifies the oft-used 'exceptional conduct' and 'changed circumstances' standard set by the *Lussier* Court in the Second Circuit, two decades ago." *Id.* at 5. Notably, however, since 2011, courts in this Circuit have routinely continued to consider whether a defendant on supervised release has displayed conduct beyond mere compliance with conditions of release in determining whether termination of supervised release is warranted. *See, e.g., United States v. Bastien*, 111 F. Supp. 3d 315, 322 (E.D.N.Y. 2015) (Bianco, J.) (holding early termination of supervision was unwarranted even though the defendant's pre- and post-release conduct was "unblemished, and his efforts to seek educational and work opportunities [were] laudable"). This Court agrees with the other courts in this circuit that compliance with conditions of release are "expected of a person on supervised release[] and is 'not so unusual as to merit early termination.'" *Id.* (citing *United States v. McKay*, 352 F. Supp. 2d 359, 360 (E.D.N.Y. 2005) (Spatt, J.)).

4

paid his special assessment in full and has no fines or judgments of restitution to pay. Def. Mem. at 5. Second, Defendant argues he displays a low risk of recidivism. *Id.* at 5-6. Third, Defendant states even with his commutation, he served a sentence well beyond the current guidelines range for the offenses he committed. *Id.* at 6-7. Fourth, Defendant states he has integrated into the community "very well" and is "on the lowest level of supervision offered by" Probation. *Id.* at 8. He argues he accordingly has accomplished all goals of supervision. *Id.* Fifth, Defendant highlights the "strong support structure" he has here in New York, "well away from [his] life in North Carolina." *Id.* Sixth, Defendant notes he has maintained gainful employment since his release, including work he has done with SCO Family Services, a men's shelter. *Id.* Seventh, Defendant states he has not been arrested since release, has no criminal history of violence or psychiatric problems, and did not have an aggravated role in the offense. *Id.* at 8-9. Finally, Defendant cites the Government's administrative costs in maintaining his supervision. *Id.* at 9.

According to the Government, the gravamen of Defendant's argument is that early termination would be proper because he has complied with the conditions of his supervised release to date—but compliance alone is insufficient to warrant relief. *See* Gov't Mem. at 2. Moreover, the Government notes Defendant has not in fact complied with the conditions of his release, as he tested positive for illicit substances both shortly before and shortly after he filed the instant motion. *Id.* at 2-3. "Hence, the entire basis for [D]efendant's request for early termination—that he has complied with all terms of supervised release—is false." *Id.* at 3.

After careful consideration of the pertinent statutory factors and Defendant's proffered reasons, the Court concludes early termination of Defendant's supervised release is not warranted. The Court agrees with the Government's characterization of Defendant's argument—

*i.e.*, Defendant essentially argues this Court should terminate his term of supervised release only because he has been compliant with the conditions of his supervised release to date. Although the Court finds laudable Defendant's purported charitable work opportunities, *see* Def. Mem. at 8, and the extent to which he has complied with the conditions of his supervised release, these conditions are insufficient alone to entitle Defendant to early termination of supervised release. *See Katz*, 2008 WL 4699832, at *2.

In any event, Defendant has not fully complied with the conditions of his supervised release, rendering his supervised release all the more essential. As detailed above, Defendant has tested positive for marijuana on multiple occasions during his term of supervised release and as recently as June 18, 2019. *See* July 9, 2019 Report on Offender Under Supervision. Substance abuse treatment is a crucial component of supervised release, and it supports Defendant's reintegration into society. Defendant's failure to adhere to the substance abuse condition of his supervised release signals to this Court that continued supervision is necessary. The Court recognizes Defendant has been re-referred to outpatient substance abuse treatment and hopes Defendant benefits from such treatment. *See id.*

Other courts in this district have declined to terminate supervised release for individuals who displayed conduct similar to, and perhaps more exemplary than, that of Defendant. In *United States v. Bastien*, for example, Judge Joseph F. Bianco denied an individual's motion to terminate supervised release where that individual complied fully with the Court's express terms of supervision and the requirements of the Probation department, volunteered with a non-profit organization that provides free literature to the public, was receiving mental health treatment, and more. 111 F. Supp. 3d 315, 321-22 (E.D.N.Y. 2015) (Bianco, J.). Similarly, in *United States v. Fenza*, Judge Arthur D. Spatt declined to terminate a defendant's supervised release

where the defendant, among other things, had completed two of three years of supervised release without issue, returned to live with family in his childhood neighborhood and house, regained operational management of his car service company and developed it despite a recession, and cared for his wife and grandchildren. 03-CR-0921, 2013 WL 3990914, at *1-2 (E.D.N.Y. Aug. 2, 2013) (Spatt, J.); *see also United States v. McKay*, 352 F. Supp. 2d 359, 360–61 (E.D.N.Y. 2005) (Spatt, J.) (denying early termination even though the defendant had a flawless record during incarceration and release, had health issues, was an active member of the community, took responsibility for his crimes, never abused drugs or alcohol, and complied with his restitution obligations).

Given the serious nature of Defendant's underlying criminal activity and Defendant's continued substance abuse, which violates the terms of his supervised release, the Court concludes supervised release continues to be necessary. The Court recognizes and appreciates Defendant's efforts to reintegrate into society thus far and encourages Defendant to continue such efforts. That said, having considered all of the statutory factors under the particular circumstances of this case, Defendant's post-release conduct does not persuade this Court that early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1)(A).

## CONCLUSION

After careful consideration of the pertinent § 3553 factors and the arguments of both Defendant and the Government, the Court finds that neither Defendant's conduct nor the interests of justice warrant early termination of Defendant's term of supervised release. Accordingly, Defendants' motion to terminate his term of supervised release, ECF No. 11, is hereby denied.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2019
      Brooklyn, New York